RAFAEL ARJONA SIACA, Plaintiff and Appellee, *v.* BLANTON WINSHIP, GOVERNOR OF PUERTO RICO, ET AL., Defendants and Appellants.

No. 6695. Argued May 12, 1935.—Decided November 15, 1935.

*Benjamin J. Horton, Attorney General,* and *T. Torres Pérez, Assistant Attorney General,* for appellants. *A. Ortiz Toro* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Rafael Arjona Siaca, Judge of the District Court of Humacao, brought, in the District Court of San Juan, an action for a declaratory judgment in accordance with the Uniform Law of Declaratory Judgments of 1931 (Session Laws, p. 378), praying that a certain appropriation contained in General Appropriation Acts No. 40 of 1932 and No. 59 of 1933 be declared unconstitutional.

We will not go into a study or determination of the preliminary questions raised as well as other incidental matters that arose in the course of the proceedings, in order to arrive without delay at the gist of the question set up, which is: Could the salary of the plaintiff judge be reduced?

On April 29, 1930, the Legislature passed Act No. 58, wherein it was provided that the offices of judges of the district courts of Puerto Rico shall be held by judges appointed for a term of ten years. Pursuant to that act the plaintiff was appointed Judge of the District Court of Humacao.

Said act does not contain any provision fixing the salary of the judges. In Act No. 75 of that same year 1930, "Making appropriations for the necessary expenses of carrying on the Government of Puerto Rico for the fiscal year ending June 30, 1931, and for other purposes," there appears the following appropriation: "District Court of Humacao: Judge, $5,500.00." (Laws of 1930, p. 544.)

As in subsequent General Appropriation Acts No. 40 of 1932 and No. 59 of 1933, there were respectively appropri-

ated for salary of the Judge of the District Court of Humacao only $5,120.00 and a like sum with power granted to the Auditor to make a reduction of 5 per cent, the plaintiff maintains that those acts are unconstitutional and consequently null and void because they were enacted in violation of the thirteenth paragraph of section 34 of the Organic Act, which reads as follows:

"Except as otherwise provided in this Act, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment, nor permit any officer or employee to draw compensation for more than one office or position."

The wording of this constitutional provision is clear and the fundamental purpose thereof is to secure the independence of a public officer once he is appointed, against the allurement that might cause the increase of his salary and the financial embarrassment that might be created for him by a reduction in his compensation. The courts have sustained this provision on many occasions emphasizing its far-reaching importance for a good government.

However, as in the case of every enactment, the provision in question is only applicable to the cases for which it was adopted, and, after a careful study of the Organic Act invoked and of the decisions relied upon, we are convinced that said provision is not applicable to the case which we are now considering and deciding.

We have already stated that plaintiff's salary was not fixed in the law creating his office, nor in any other subsequent law to that effect. It only appeared appropriated in the General Appropriation Act for the year in which he was appointed. By its very nature the General Appropriation Act has limited life and, as to salaries, the Organic Act itself provides in section 50 thereof, as amended by the Act of Congress of June 7, 1924, as follows:

"That, except as in this Act otherwise provided, *the salaries of all the officials* of Porto Rico not appointed by the President, including deputies, assistants, and other help, shall be such and be so paid out of the revenues of Porto Rico *as shall from time to time be determined* by the Legislature of Porto Rico and approved by the Governor; and if the Legislature shall fail to make an appropriation for such salaries, the salaries theretofore fixed shall be paid without the necessity of further appropriations therefor." (Italics ours.)

And thus the appointment of the plaintiff, in accordance with the laws in force relating thereto was made for a term of ten years with such salary as might from time to time be determined by the Legislature of Puerto Rico and approved by the Governor.

If the intention of the lawmaker had been otherwise, the salaries of the judges would have been fixed in the very Act the No. 58 of 1930, and then the case would clearly fall within the thirteenth paragraph of section 34 of the Organic Act. The Legislature foresaw that within a period of ten years there might occur economic fluctuations requiring the increase or decrease of salaries and it chose to confine itself to giving more stability to the judicial officers by extending the term of office from four to ten years, reserving to itself the flexible power of fixing the salaries from time to time as circumstances might demand.

There is not the least indication that the reduction provided for was due to any purpose inimical to the fundamental thought which inspired the constitutional limitation invoked. The reduction was not for the plaintiff judge alone or for the judges as a class. It was extended to all the officers of Puerto Rico and had as a basis the precarious economic situation affecting the Island at that time.

The judgment appealed from must be reversed and another rendered instead dismissing the complaint on the merits.